

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
08/17/2017

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| | § | |
| MATTHEW JOHN DATE, | § | CASE NO. 15-31568-H5-7 |
| | § | |
| Debtor, | § | |
| | § | |
| RSL FUNDING, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | ADV. NO. 15-3185 |
| | § | |
| MATTHEW JOHN DATE, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER DISMISSING ADVERSARY PROCEEDING

After the Court began the trial of this adversary proceeding, Defendant orally moved to

dismiss, on the ground that Plaintiff filed this adversary proceeding in violation of 1996

injunction order barring Stewart Feldman and his then-wife, Dr. Marla Matz, and any of their

affiliated entities, corporations or partnerships he owns from filing any adversary proceeding

without permission of this Court. After reviewing the pleadings and evidence, the Court finds

that its injunction remains effective. Feldman has wrongfully filed at least three other adversary

proceedings which violated this Court's injunction. Consequently, the Court grants Defendant's

motion to dismiss.

I. The Litigation Leading to the 1996 Injunction

The Court entered an injunction on June 7, 1996 after extensive litigation and bad faith tactics by Feldman. Disputes arose between Feldman, Niel Morgan, and Roy Bennion, regarding a number of entities, including several real estate ventures, and Intermarque Automotive Products, Inc. ("Intermarque"). Litigation among the parties began in the 125th Judicial District Court of Harris County, Texas. Intermarque filed a Chapter 11 petition on July 16, 1993.

In the Intermarque case, Feldman filed a motion for relief from stay to continue the state court litigation. (Docket No. 6, Case No. 93-45460-H4-11). The first motion for relief from stay was denied. Feldman objected to a disclosure statement and plan filed by Morgan in the Intermarque case, and sought an order striking the plan. (Docket Nos. 68, 69, Case No. 93-45460-H4-11). The objections were overruled. Feldman filed a second motion for relief from stay, again seeking to continue the state court litigation. (Docket No. 80, Case No. 93-45460-H4-11). On the second motion for relief from stay, the claims by and against Intermarque were severed from the other claims in the state court litigation, and relief from stay was granted by agreement as to the remainder. (Docket No. 108, Case No. 93-45460-H4-11). The claims by and against Intermarque were combined with Intermarque's objection to Feldman's proof of claim in the Intermarque case, in Adversary No. 93-4437.

On May 5, 1994, after the Court had confirmed Intermarque's Chapter 11 plan, the Court issued an injunction against Feldman's continuation of certain aspects of the litigation which was then pending in both the state court and federal district court. (Docket No. 44, Adv. No. 93-4437). In an order entered on February 2, 1996, the Court determined that Feldman had violated the May 5, 1994 injunction by filing counterclaims and cross-claims against Texas Commerce

Bank ("TCB"), and notices of lis pendens.  The Court further enjoined Feldman from filing any

lawsuit against Morgan without certifying that the prospective claims were unrelated to

Intermarque, had not previously been decided by any court, and were not filed for the purposes of

harassment, and seeking and obtaining leave of Court.  (Docket No. 102, Adv. No. 93-4437).

 On July 28, 1995, in a separate adversary proceeding brought by TCB, the Court entered a

declaratory judgment and permanent injunction against Feldman's prosecution of counterclaims

and causes of action against TCB brought in state court and removed to federal district court

related to Intermarque. (Docket No. 36, Adv. No. 95-4182).

 Apparently undaunted by the 1994 injunctions against him, Feldman engineered a sham

transaction to reconstitute Matz Real Estate Services. Inc. ("Matz") and MBM Investment Real

Estate, L.P. ("MBM"), and filed Chapter 11 petitions on their behalf.  (Docket No. 66, Case No.

95-47986-H4-11; Docket No. 111, Case No. 95-47987-H4-11).

Morgan filed motions for sanctions in both cases.  (Docket No. 14, Case No. 95-47986-H4-11;

Docket No. 14, Case No. 95-47987-H4-11).  On Morgan's motion, the Court dismissed both

cases and retained jurisdiction over Morgan's motions for sanctions.  (Docket No. 22, Case No.

95-47986-H4-11; Docket No. 32, Case No. 95-47987-H4-11).

 During the litigation regarding Morgan's motions for sanctions, Morgan issued a

subpoena duces tecum to Feldman and Marla Matz.  Feldman and Marla Matz failed to comply

with the subpoena.  The Court entered an order compelling Feldman and Marla Matz to produce

documents responsive to the subpoena, and assessed sanctions against Feldman and Marla Matz

jointly and severally in the amount of $8,000.  (Docket No. 43, Case No. 95-47986-H4-11;

Docket No. 80, Case No. 95-47987-H4-11).  On Morgan's motion, the Court entered orders on

April 17, 1996 directing Feldman and Marla Matz to show cause why they should not be held in civil contempt for failure to pay the $8,000 in sanctions. (Docket No. 52, Case No. 95-47986-H4-11; Docket No. 90, Case No. 95-47987-H4-11).

The Court held a combined hearing on Morgan's initial motions for sanctions and the Court's order to show cause. On May 15, 1996, the Court entered judgments of civil contempt on the Court's order to show cause against Feldman and Marla Matz for failure to pay the $8,000 sanction. The Court also awarded Morgan an additional $1,000 in compensatory sanctions, and ordered daily coercive sanctions of $500 per day in each of the two cases. (Docket No. 61, Case No. 95-47986-H4-11; Docket No. 103, Case No. 95-47987-H4-11).

Feldman and Marla Matz appealed the May 15, 1996 judgments of civil contempt. (Docket No. 58, Case No. 95-47986-H4-11). The appeal was docketed in the United States District Court under Civil Action No. 96-1840.

The Court ordered additional sanctions on Morgan's initial motions for sanctions by order entered on June 7, 1996. In the order, the Court found that the MBM and Matz cases were commenced in bad faith, and that Feldman was the driving force behind the filing of the cases. The order in each of the MBM and Matz cases provides in part:

> The following entities are permanently enjoined from (i) filing a voluntary bankruptcy petition; (ii) filing or joining in an involuntary bankruptcy petition against any entity; (iii) filing a notice of removal pursuant to 28 U.S.C. § 1452; or, (iv) filing an adversary proceeding in the United States Bankruptcy Court:
>
> (a) Stewart A. Feldman;
>
> (b) Marla B. Matz;
>
> (c) Any corporation in which Stewart A. Feldman owns any legal, beneficial or equitable interest, direct or indirect, of any size whatsoever;

(d) Any partnership in which Stewart A. Feldman owns any legal, beneficial or equitable interest, direct or indirect, of any size whatsoever, whether such interest is as a general partner, a limited partner, or otherwise;

(e) Any corporation in which Marla Matz owns any legal, beneficial or equitable interest, direct or indirect, of any size whatsoever; and,

(f) Any partnership in which Marla Matz owns any legal, beneficial or equitable interest, direct or indirect, of any size whatsoever, whether such interest is as a general partner, a limited partner, or otherwise.

Any entity that is governed by this paragraph 6 may seek relief from this injunction by filing an appropriate motion before this Court. Any entity that violates the injunction contained in this paragraph will be referred to the United States District Court for prosecution for criminal contempt. Such a referral will occur only if the Court determines that a violation has occurred after notice and hearing in accordance with then applicable law.

(Docket No. 66, Case No. 95-47986-H4-11; Docket No. 111, Case No. 95-47987-H4-11).

## II. Procedural History of This Case

Matthew John Date ("Debtor") filed a Chapter 7 case on March 20, 2015. RSL Funding, LLC ("RSL") filed a complaint under Section 523 of the Bankruptcy Code on July 6, 2015. Trial of the adversary proceeding commenced on April 13, 2017.

RSL called Stewart Feldman as a witness at trial. Feldman testified that he is the chief executive officer of RSL. He testified that RSL is a limited liability company, of which he is the managing member.

After the conclusion of Feldman's direct testimony, Debtor orally moved to dismiss, citing the injunction entered on June 7, 1996 in the Chapter 11 cases filed by Matz and MBM. The Court suspended the trial in order to allow RSL to respond to the motion to dismiss. On May 16, 2017, this Court ordered Feldman to file a list of every voluntary bankruptcy petition,

involuntary bankruptcy petition, notice of removal pursuant to 28 U.S.C. § 1452, or adversary proceeding he or any corporation or partnership in which he owned or owns any legal, beneficial or equitable interest, direct or indirect, of any size whatsoever, whether such interest is as a general partner, a limited partner, or otherwise, has filed after June 7, 1996. (Docket No. 64).

RSL filed a response to Debtor's oral motion to dismiss (Docket No. 57) and a response to this Court's order of May 16, 2017 (Docket No. 64). RSL asserts the June 7, 1996 injunction is no longer effective as a result of Feldman's payment of monetary sanctions. It asserts this case does not merit "death penalty" sanctions of dismissal with prejudice, because Feldman believed the injunction was no longer effective.

### III. Appeal of the 1996 Injunction

In the MBM case, Feldman and Marla Matz filed a notice of appeal of the June 7, 1996 injunction. (Docket No. 113, Case No. 95-47987-H4-11).[1] The appeal was not docketed in the United States District Court.

On July 2, 1996, the United States District Court dismissed Marla Matz and Feldman's appeal of the judgment of civil contempt, for failure to file briefs. The Court ordered Feldman to appear and show cause why he should not be sanctioned, in light of his repeatedly filing notice of appeal from bankruptcy court orders and failing to file the appellant's brief. (Docket No. 3, C.A. No. 96-1840).

On July 26, 1996, the District Court held its show cause hearing. The court's minute order of that hearing provides:

---

[1]Feldman and Marla Matz did not file a notice of appeal in the Matz case.

> 7/26/96 (NWB) Minutes of hearing, held on 7/26/96.
>
> Stewart Feldman is enjoined from filing additional matters, including notice of appeal from Bankruptcy Court orders, in either the United States Bankruptcy Court or the United States District Court for the Southern District of Texas until the sanctions imposed by United States Bankruptcy Judge Greendyke have been paid in full.

(Docket No. 5, C.A. No. 96-1840).

On August 1, 1996, the District Court entered an order in C.A. No. 96-1840 directing Feldman and Marla Matz to deposit into the Court Registry any money received by them from Universal Surety of America relating to a $250,000 collateralized supersedeas bond.[2] (Docket No. 6, C.A. No. 96-1840).

On August 2, 1996, the District Court entered an order *sua sponte* withdrawing the reference of all pending sanctions orders issued in the Intermarque, Matz, and MBM cases. The order commenced Civil Action No. 96-2489. (Docket No. 1, C.A. No. 96-2489).

On August 9, 1996, Feldman and Marla Matz requested a hearing on the sanctions matters. (Docket No. 5, C.A. No. 96-2489). The District Court ordered Feldman and Marla Matz to appear and show cause why the Court should not appoint a receiver over their assets. The order provides in part:

> It should be understood that the Court's only interest is in preserving funds for disposition according to law and not in retrying findings and decisions of the United States Bankruptcy Court which are now final and non-appealable.

(Docket No. 4, C.A. No. 96-2489).

On September 9, 1996, Feldman and Marla Matz filed a motion to modify, vacate, or alter

---

[2]It appears that the bond had been issued with respect to matters pending in the state court, and was subsequently reduced in amount, such that the difference may have been subject to a potential refund. See Docket No. 5, C.A. No. 96-2489.

the outstanding sanctions. The motion acknowledged the monetary sanctions and the injunction. The motion sought only to modify the monetary sanctions, not modification of the injunction. (Docket No. 19, C.A. No. 96-2489). The Court denied the motion to modify. (Docket No. 22, C.A. No. 96-2489).

On January 14, 1997, the District Court ordered $253,700 in monetary sanctions payable to Morgan. The Court dismissed C.A. No. 96-2489, but retained enforcement jurisdiction. (Docket No. 29, C.A. No. 96-2489). Feldman and Marla Matz subsequently appealed. The Fifth Circuit affirmed the judgment of the District Court. (See Docket Nos. 93, 94, C.A. No. 96-2489).

### IV. Feldman Repeatedly Violated the Court's June 7, 1996 Injunction

An injunction issued by a court acting within its jurisdiction must be obeyed until the injunction is vacated or withdrawn. *W.R. Grace & Co. v. Local Union 759, Intern. Union of United Rubber, Cork, Linoleum and Plastic Workers of America*, 461 U.S. 757, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983), *citing Walker v. City of Birmingham*, 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210 (1967), *United States v. United Mine Workers*, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947), and *Howat v. Kansas*, 258 U.S. 181, 42 S.Ct. 277, 66 L.Ed. 550 (1922).

The terms of an injunction remain in force and unless set aside must be complied with. *Firefighters v. Stotts*, 467 U.S. 561, 104 S.Ct. 2576, 81 L.Ed.2d 483 (1984); *Tory v. Cochran*, 544 U.S.734, 125 S.Ct. 2108, 161 L.Ed.2d 1042 (2005).

The June 7, 1996 injunction permanently enjoined Feldman and his entities from filing adversary proceedings. He filed this adversary proceeding in contempt of this Court's injunction. The injunction contained a mechanism for a party to request relief. Feldman did not request

relief from the injunction before he filed this adversary proceeding. Feldman is an attorney licensed to practice in Texas, and is a graduate of the University of Pennsylvania and the law school at the University of Michigan. He knows or should know the effect of an injunction.

RSL argues that the injunction is no longer in force because a) the District Court's July 26, 1996 minute order modified the June 7, 1996 injunction such that its effectiveness ended upon full payment of monetary sanctions; and b) the District Court's withdrawal of reference rendered the June 7, 1996 injunction ineffective. These arguments are without merit. Withdrawal of the reference does not nullify the prior final orders of the Bankruptcy Court acting within its jurisdiction. The Court entered the June 7, 1996 injunction to curb Feldman's vexatious litigation tactics.

Prior to this adversary proceeding, Feldman completely disregarded the injunction in filing Adv No. 07-3124, Rapid Settlements Ltd. v. Scott D. Shcolnik; Adv. No. 16-3129, Stewart Feldman, et al. v. Joseph K. Watts; and Adv No. 15-3270, Capstone Associated Services, Ltd. v. Melinda K. Genitempo. The Court addressed monetary sanctions in a separate order. The July 26, 1996 minutes were entered in an appeal of the monetary sanctions, and were entered before the District Court withdrew the reference as to the other sanctions matters. The District Court reaffirmed in its August 9, 1996 order that the Court was only addressing the monetary sanctions, and that the remainder were final and non-appealable. The injunction remains in effect.

Signed at Houston, Texas on this ___17th___ day of ___August___, 2017.

_____
KAREN K. BROWN
UNITED STATES BANKRUPTCY JUDGE