

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
10/31/2017

| | | |
|---|---|---|
| IN RE | § | |
| MATTHEW JOHN DATE, | § | CASE NO. 15-31568-H5-7 |
| Debtor, | § | |
| RSL FUNDING, LLC, | § | |
| Plaintiff, | § | |
| v. | § | ADV. NO. 15-3185 |
| MATTHEW JOHN DATE, | § | |
| Defendant. | § | |

## ORDER DENYING MOTION FOR RECONSIDERATION AND AWARDING SANCTIONS

Before the Court are the "Motion for an Order Finding Stewart A. Feldman in Civil Contempt" (Docket No. 69) and the "Plaintiff's Motion for Reconsideration, for a New Trial or to Alter or Amend a Judgment" (Docket No. 71). The Court entered its Memorandum Opinion dismissing this adversary proceeding because the Plaintiff commenced it in violation of an injunction prohibiting the filing of adversary proceedings by Stewart Feldman or entities he owned. The Plaintiff seeks reconsideration, citing essentially the same grounds it asserted in response to Defendant's motion to dismiss. Defendant seeks a finding of contempt and sanctions against Feldman for filing the adversary proceeding in violation of the injunction. Defendant's motion includes a request for "such other and further relief, at law or in equity to which he may

P:\date-20171031.wpd

be justly entitled." The Court denies Plaintiff's motion for reconsideration, and awards Defendant's attorney fees as a sanction against Plaintiff.

### I. Plaintiff's Motion for Reconsideration Lacks Merit

As set forth in greater detail in this Court's "Memorandum Opinion and Order Dismissing Adversary Proceeding" (Docket No. 68), during 1996 the Court permanently enjoined Stewart A. Feldman and his entities from filing adversary proceedings in bankruptcy cases without permission of the Court based on Feldman's bad faith vexatious litigation tactics in the MBM and Matz cases.[1] RSL Funding, LLC (an entity Feldman owns) filed this adversary proceeding in violation of the injunction. Defendant orally moved to dismiss this adversary proceeding in light of the injunction.

In response to the oral motion to dismiss, Plaintiff argued that the District Court's withdrawal of reference in the MBM and Matz cases invalidated the 1996 injunction, and that withdrawal of the reference eliminated this Court's ability to enforce the injunction. (Docket No. 58).

After the Court entered its Memorandum Opinion and Order Dismissing Adversary Proceeding, Plaintiff filed this motion for reconsideration. Plaintiff argues that sanctions usurp the scope of the injunction, suggesting that minutes of a hearing in the District Court support Plaintiff's interpretation that the injunction was to expire when monetary sanctions were paid; Plaintiff contends this Court did not follow controlling authority on the imposition of sanctions. (Docket No. 71),

---

[1] Case Nos. 95-47986-H4-11 and 95-47987-H4-11.

P:\date-20171031.wpd         2

Plaintiff's arguments (previously rejected by this Court) wrongly characterize the relief granted. Imposing a new injunction on future filings requires the Court to consider the circumstances of the case, including: (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *In re Carroll*, 851 F.3d 811 (5th Cir. 2017).

The case at bar does not present a question of whether to impose a new injunction. The 1996 injunction is final, and should be acknowledged and obeyed. *W.R. Grace & Co. v. Local Union 759, Intern. Union of United Rubber, Cork, Linoleum and Plastic Workers of America*, 461 U.S. 757, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983).

II. The Court Awards Defendant's Attorney Fees as Sanctions Against Plaintiff

In a civil contempt proceeding, the moving party need only show (i) that a court order was in effect; (ii) the order required certain conduct by the respondent; and (iii) the respondent failed to comply with the court's order. *F.D.I.C. v. LeGrand*, 43 F.3d 163 (5th Cir. 1995).

The 1996 injunction remains in effect. The injunction requires Plaintiff to seek leave from the Court before filing an adversary proceeding. Plaintiff failed to comply and instead filed the adversary proceeding without leave from the Court. The Court has discretion to award attorney fees incurred by Defendant in responding to Plaintiff's violation of the injunction. *See Carroll*, 851 F.3d, at 816. Counsel for Defendant shall submit a bill for attorney fees and costs

incurred in this adversary proceeding within 14 days. Plaintiff will have 7 days thereafter to file a response.

Signed at Houston, Texas on this __31st__ Day of __October__, 2017.

_____
KAREN K. BROWN
UNITED STATES BANKRUPTCY JUDGE